UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUAREZ-RAMIREZ,<br><br>                         Petitioner,<br>     v.<br>BONDI, *et al.*,<br>                         Respondents. | Case No. 2:25-cv-02369-MMD-EJY<br><br>ORDER |

**I.    SUMMARY**

Petitioner Alexander Suarez-Ramirez filed a Petition for Writ of Habeas Corpus (ECF No. 2 ("Petition")) under 28 U.S.C. § 2241. Respondents filed a response and Petitioner replied. (ECF Nos. 16, 19.) For the reasons discussed below, the Court grants Petitioner relief on Ground One of the Petition.

**II.    BACKGROUND**

The following facts are undisputed by the parties unless otherwise noted. Suarez-Ramirez is a citizen of Cuba. (ECF No. 2 at 4.) He was detained by Immigration and Customs Enforcement ("ICE") in May of 2025. (*Id.*) He remains in ICE custody to this day, approximately eight months. (ECF No. 19 at 4.) On July 14, 2025, an Immigration Judge ("IJ") ordered Suarez-Ramirez removed to Cuba but granted withholding of removal. (*Id.*) On August 6, a motion to reopen IJ jurisdiction was granted. (*Id.*) Two weeks later, the IJ again ordered Mr. Suarez-Ramirez removed. (*Id.*) On August 31, 2024, ICE issued a notice of deportation to Mexico, which Suarez-Ramirez refused to sign. (ECF No. 16-3.) Petitioner alleges he was kidnapped and assaulted while he was in Mexico en route to the United States. (ECF No. 19 at 2.) Petitioner expresses a fear of and unwillingness to return to Mexico.[1] (ECF Nos. 2 at 5-6; 19 at 5, 9, 11.) Petitioner alleges, and Respondents

---

[1]Respondents assert, "upon information and belief, a search that was conducted through the records available to DHS, there is no evidence or notes indicating Petitioner claimed fear of removal to a third country." (ECF No. 16 at 4.)

do not refute,[2] that ICE attempted to remove Suarez-Ramirez to Mexico on multiple occasions, without success. (ECF Nos. 2 at 5-6; 19 at 2, 5.)

Suarez-Ramirez challenges his continued detention, asserting five grounds. (ECF No. 2.) The Court will grant relief on Ground One and declines to address the remaining grounds.

**III.   DISCUSSION**

Petitioner argues in Ground One that his continued detention violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable. (ECF No. 2 at 15.) Individuals with final removal orders are subject to mandatory detention for 90 days. *See* 8 U.S.C. § 1231(a)(2). While the Attorney General has discretion to detain noncitizens beyond this 90-day period, the Supreme Court found due process imposes an "implicit limitation" on that discretion. *See* 8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment. *Zadvydas*, 533 U.S. at 690. After six months of post-removal confinement, a noncitizen may raise a due process violation claim if they "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. The government then "must respond with evidence sufficient to rebut that showing." *Id.*

Suarez-Ramirez was ordered removed on July 14, 2025 and has remained detained for over six months now. The parties do not dispute that there is no significant likelihood of removal to Suarez-Ramirez's home country of Cuba in the reasonably foreseeable future. (ECF Nos. 2 at 17, 16 at 9.) But noncitizens may be removed to "[a]lternative countries" where the country's government is willing to accept them. 8 U.S.C. 1231(b)(1)(C)(iv). Respondents argue there is significant likelihood of removal to Mexico as an alternative country. (ECF No. 16 at 9.) But Suarez-Ramirez provides

---

[2]Respondents do not address or respond to Petitioner's claims that the Department of Homeland Security ("DHS") attempted to remove Petitioner to Mexico on multiple occasions. Nor do they provide any documentation regarding these alleged attempted removals. But Respondents do acknowledge "DHS's efforts to effectuate Petitioner's removal" to Mexico. (ECF No. 16 at 9.)

evidence that Mexico is only willing to accept individuals from other countries who "willingly" go to Mexico. (ECF No. 19 at 8 (citing ECF No. 19-5)); *see also Pena-Gil v. Lyons*, No. 25-CV-03268-PAB-NRN, 2025 WL 3268333, at *1, *3, *4 (D. Colo. Nov. 24, 2025) (granting habeas relief to another Cuban petitioner under *Zadvydas* after multiple failed attempts to "persuade" him to go "voluntarily" to Mexico and cancelling the deportations when he refused). Suarez-Ramirez staunchly "will not voluntarily go to Mexico" due to his fear of returning. (ECF No. 19 at 9.) Accordingly, the Court finds Petitioner has met his initial burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The Court finds Respondents fail to "respond with evidence sufficient to rebut that showing." *Id.* Respondents argue that "DHS's efforts to effectuate Petitioner's removal" indicate that Petitioner's removal to Mexico is likely.[3] (ECF No. 16 at 9.) While DHS seeks to remove Petitioner to Mexico, it has failed to do so.[4] Respondents provide no reason why future attempts are more likely to be successful. Therefore, the Court finds no

///

///

///

---

[3]Respondents also cite to the Petition, which states Suarez-Ramirez had been removed to Mexico, as evidence that DHS is capable of removing Suarez-Ramirez to Mexico and therefore his removal there is reasonably foreseeable. (ECF No. 16 at 7 (citing ECF No. 2 at 5).) But Suarez-Ramirez clarifies in his reply that he was never removed to Mexico but rather entered the United States from Mexico. (ECF No. 19 at 2, 2 n.1.) Respondents rely solely on the contentions in the Petition to support this argument, despite the evidence for this type of immigration history resting "uniquely in the possession of Respondents." *Rojas-Lara v. The United States of America, et al.*, Case No. 2:25-cv-02544-RFB-EJY (D. Nev. Dec. 19, 2025) (ECF No. 15) (citing *Yong v. I.N.S.*, 208 F.3d 1116, 1119-20 (9th Cir. 2000)). Accordingly, the Court rejects this argument.

[4]On December 17, 2025 this Court issued a temporary restraining order preventing Respondents from deporting Petitioner until the Court could adjudicate the merits of the Petition. (ECF No. 13.) But DHS provided Suarez-Ramirez a notice of deportation to Mexico four and a half months ago. (ECF No. 16-3.) Petitioner alleges, and Respondents do not dispute, that DHS sought to remove Petitioner to Mexico on multiple occasions before the Court issued this injunction. (ECF Nos. 2 at 5-6; 19 at 2, 5; 16 at 9.)

significant likelihood of Suarez-Ramirez's removal to Mexico in the reasonably foreseeable future.[5]

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition before the Court. In particular, because the Court grants Petitioner's requested relief on Ground One, it does not address the arguments regarding the remaining grounds as they would not impact the outcome of the case.

It is therefore ordered that Mr. Suarez-Ramirez' Petition (ECF No. 2) is granted. Respondents must immediately release Suarez-Ramirez no later than 5:00 PM on Friday, January 16, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Suarez-Ramirez.

It is further ordered that the parties shall file a joint status report by 12:00 pm Tuesday, January 20, 2026 confirming Respondents' compliance with this Order.

///
///
///
///
///
///

---

[5] Respondents mention offhand that "upon information and belief," DHS identified "Mexico and Spain" as potential countries for removal. (ECF No. 16 at 8.) This is the only mention of Spain in the pleadings and Respondents provide no evidence to support this contention beyond their "information and belief." "Courts in this circuit have regularly refused to find respondents' burden met where respondents have offered little more than generalizations regarding the likelihood that removal will occur." *Barka v. Mattos, et al.*, No. 2:25-CV-01781-GMN-MDC, 2025 WL 3723998, at *6 (D. Nev. Dec. 23, 2025). Therefore, the Court does not consider Respondents' general mention of Spain to be sufficient rebuttal.

The Clerk of Court is kindly directed to serve a courtesy copy of this Order to Chief of Police Reggie Rader at the Henderson Detention Center as well as the Office of the United States Attorney for the District of Nevada.

DATED THIS 15th Day of January 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE